**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN RINALDO JULIUS, | No. 07-72192 |
| Petitioner, | Agency No. A077-305-088 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010 [**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Stephen Rinaldo Julius, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C § 1252. We review for substantial evidence the BIA's findings. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Julius's asylum application. *See* 8 C.F.R. § 208.4(a)(4)–(5).

Substantial evidence supports the BIA's denial of Julius's withholding of removal claim because his father's beatings, and the threat and harms he received during an anti-government demonstration did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (persecution was not established where petitioner suffered one violent incident and received unrelated and unfulfilled threats of violence). Likewise, Julius failed to establish a clear probability of future persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir. 2000) (similarly situated, unharmed family members undermine future fear of persecution); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (future fear of persecution speculative if petitioner fails to show that the government is unable or unwilling to protect).

07-72192

Finally, substantial evidence supports the BIA's denial of CAT relief because Julius submitted insufficient evidence that it is more likely than not he will be tortured if he returns to Indonesia. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED**.